# EVIDENCE.

[Lucas Circuit Court, January Term, 1896.]

Haynes, Scribner and King, J. J.

†The T. & O. C. Ry. Co. v. Oscar L. Wales.

Prima facia Case—Confirmatory Evidence.

> Under section two of the Act of April 26, 1894, (91 O. L., p. 187), the term *prima facie* evidence defined.
>
> A party may rest his case when he has made out a *prima facie* case under the terms of this statute.
>
> He cannot, however, withhold evidence confirmatory of such *prima facie* case and offer it in rebuttal, when it does tend to disprove and answer the evidence given by the defense.

King, J.

This case has been heard on a petition in error. The petition in error asks a reversal of the judgment of the court of common pleas on the grounds (1) that the court erred in admitting evidence offered by the said Wales (2) erred in ruling out evidence offered by the defendant Railway Company (3) the court erred in its charge to the jury, (4) that the verdict is not supported by the evidence and is against the law.

The action was brought in the court below by *Oscar L. Wales* v. *The Railway Company*, and he alleged that on the 3d day of December, 1892, the defendant Railway Company was the owner of a railroad known as The Toledo and Ohio Central Railway Company, with tracks, locomotives, cars, etc., and on that day run adjacent to, or joining his premises, and on that day his barn and other property was burned, and that the fire which destroyed it was set by sparks which came from an engine owned and operated by the defendant company; and that the defendant was negligent in omitting to use a proper spark protector, or device to guard against sparks and fires; or that if it did use them, it was negligent in not keeping them in proper repair, and that on account of its negligence, the fire ensued, and plaintiff's property was destroyed. We have examined this record carefully. We do not find that the verdict in the case is not supported by sufficient evidence. We do not find that there is any error taken advantage of by plaintiff in error by proper exceptions in the charge of the court. We do not find there was any error committed by the court in the admission of testimony, offered by the plaintiff below, or in ruling out testimony offered by the defendant below, except as I shall particularly call attention to it.

In the trial of this case the plaintiff called his witnesses and offered evidence tending to show that the defendant railway company was the owner of the locomotive known as engine No. 27, and that it operated it on the day in question upon tracks adjoining the premises of the plaintiff on the westward, and it offered evidence tending to show that the defendant railway company was in possession of those tracks to the extent, at least, that it did switching upon them, and perhaps he offered evidence tending to show that the defendant was the owner of them.

I should say at this point it is urged that the proof fails to show that the defendant railway company was the owner of these tracks. We do not think that was essential to the right of the plaintiff to recover against the defendant company. If the proof shows it was the owner and operated the engine that caused the fire, if the engine was operated by its servants and it come within the legal definition of negligently operated,

†See next case.

or out of repair by reason of negligence, that would be sufficient to establish the liability of the defendant, even though the ownership of the tracks was in some other railway company. But there was some evidence tending to show that these tracks were owned by the Toledo and Ohio Central Railway company. The plaintiff offered evidence tending to prove that the fire which caused the loss which the plaintiff sustained, came from one of the locomotives of the defendant; he offered evidence tending to show the amount of the loss, and at this point rested his case.

And thereupon the defendant offered some evidence tending to show, first that the locomotive in question was not at the place named about the time of the fire, and had not been there within such length of time as it is claimed the fire could have been set, and it offered evidence tending to show that the locomotive in question was in a proper state of repair, and had a proper spark arrester in good condition, and that it did not set the fire; and having shown these facts the defendant rested.

And thereupon the plaintiff called, among others, a witness by the name of Whitmill, and asked this question, after he had testified that he lived near here, and had seen the engine in question and knew it.

"Q.—You may state what was at that time the tendency of this engine with reference to throwing sparks, as compared with other switching engines?" There was an objection to this and an exception. Some remarks of counsel ensued. Finally the witness answered:

"Well she had a general reputation of throwing sparks worse than any other engine that had been out there."

A little further along he is asked this question: "What did you observe with reference to that engine as to throwing sparks?" To this is an objection and an exception. Answer: "Why, because I had put out fire from her that she has set twice where I would from any other engine once. I have put out fire from that engine a great many times, and I have always dreaded the sight of her when she comes out there."

The plaintiff then called James W. Wickenden, who was the plaintiff's tenant, and resided on his premises. He was asked: "You may state if you have observed engine 27 with reference to its tendency to throw sparks?" That was objected and excepted to. The answer is: "I have noticed her with that tendency." "What is that tendency, as you have gathered from your observation?" That is objected to and an exception taken. "A.—The tendency is when she has been coming along that railroad track or any place, especially when she is started up, in drawing heavy load, the tendency would be to throw sparks."

The plaintiff then called Henry Shatto. He testified that he knew something about that engine, has seen it, and that on one occasion he had examined it. He was asked: "Did you examine the engine and the spark arrester in that engine?" That is objected to and exception taken. "Yes, sir, I have during the time that the engine was in a little trouble up at the "K" office, Yondota street. They disconnected the tender from the engine, and brought her down to the house. I was firing the passenger on the T. & O. C. Then I had occasion to go in there every day, and I examined the front end. "Q. When was that?" A. That was about three years ago, and I was there, and there were holes in that netting of that spark arrester that would allow sparks to go through large enough to set fire to anything." "Q. How large were those holes?" That is objected to and exceptions taken. "A. Oh, they were perhaps an inch." There is a little more of that same testimony that I need not read that is objected and excepted to.

Now we have examined the question raised with reference to the admission of that testimony, pretty carefully in this case and also in connection with the case of Wickenden, which was argued at the same time. We think that the admission of that testimony was error on the part of the court. The course which this trial took in the court below was based principally upon a statute which was passed April 26, 1894, 91 Ohio Laws, page 187, the second section of which reads as follows: "That in all actions against any person or incorporated company for the recovery of damages on account of any injury to any property whether real or personal, occasioned by fire communicated by any locomotive engine, while upon or passing along any railroad in this state, the fact that such fire was so communicated, shall be taken as *prima facie* evidence to charge with negligence the corporation, or person or persons who shall, at the time of such injury by fire, be in the use and occupation of such railroad, either as owners, lessees or mortgagees, and also those who shall at such time have the care and management of such engine ; and it shall not, in any case, be considered as negligence on the part of the owner or occupant of the property injured, that he has used the same in the manner, or permitted the same to be used or remained had no railroad passed through or near the property so injured, except in cases of injury to personal property, which shall be at the time upon the property occupied by such railroad."

Now under that statute it was claimed by the plaintiff below that he was justified in offering such facts as the statute has prescribed to make a *prima facie* case, and that on rebuttal of the defendant's case, he might offer such additional facts and evidence as would be, in effect confirmatory of his principal case. In other words, confirmatory of the *prima facie* case, which the statute establishes. There is no doubt but the legislature have a perfect right to pass such a statute as this, prescribing a rule of evidence in the trial of such cases and the effect of that statute, as we belive, is to provide that a person may, relying upon this statute offer in evidence such testimony as he has tending to prove the facts set forth in the statute, the fire, the loss of his property, and the fact that the fire was set by sparks, coming from an engine belonging to the defendant. And he may rest upon a *prima facie* case, those facts being in this particular action a *prima facie* case. He might do that in any action just as well. But he will be met, in our judgment, by the rule of law, which does not permit him to hold back a part of his evidence, which would be confirmatory of his *prima facie* case, and use it on rebuttal, unless that confirmatory evidence, which would be competent, either with or without this statute, in chief, should be also actually rebutting evidence. Now evidence in order to be rebutting evidence must be evidence that answers, does away with, or disputes the evidence given by the opposite party. As defined by Bouvier " It is that evidence which is given by a party in a case to explain, repel, counteract or disprove facts given in evidence by the other side. The term " rebutting evidence " is particularly applied to that evidence given by the plaintiff to explain or repel the evidence given by the defendant. Citing Best's Evidence, 785, rebutting evidence is evidence adduced to rebut a presumption of fact or of law, that is, to avoid its effect, and any evidence adduced to destroy the effect of prior evidence, whether by explanation or direct denial. And Anderson's Law Dictionary is to the same effect as that.

Now this evidence, we do not think tends to explain, repel or dis-

The T. & O. C. Ry. Co. v. Oscar L. Wales.

prove any facts offered by the railroad company by way of defense. Its evidence tended to show the engine was in a proper state of repair at the time of the fire, and their evidence, in order to be competent, must be addressed to that point of time, or as near it as it is possible for them to arrive, and it may also show further that its servants in the operation of this engine at the time when it is claimed the fire was set, were not guilty of negligence causing the fire.

Now this evidence offered in rebuttal by the plaintiff does not tend to explain or counteract the effect of that evidence. It is offered to show and does show that the engine had a reputation for scattering fire and sparks, or that its reputation in that regard was bad, and that a year previous to the fire a witness, who examined its spark arrester found holes in it that " would scatter fire enough to set anything fireable," as he expresses it, and in one answer he says the holes were at least an inch square.

Now not saying anything about the remoteness of that testimony, if it were not too remote, it would certainly be competent for the plaintiff to offer it in chief; it would all be competent in chief to confirm the *prima facie* case which the statute establishes. And in our judgment the statute has not changed the burden of proof at all, but it establishes certain facts constituting a *prima facie* case. Now that kind of a *prima facie* case is like any other *prima facie* case. You may rest when you have made out a *prima facie* case if you want to. But if you have facts confirmatory of the *prima facie* case, you will not be allowed to hold them back and use them on the plea that they are in rebuttal ; unless they do, in fact, rebut that which the defendant was bound to show, and did show.

Now, we think these facts did not rebut. They do not alter, explain or counteract the effect of anything which the defendant put in evidence. But it undoubtedly would have been, with perhaps some change in the phraseology of the question, proper in chief.

It is proper to say that the question relating to the reputation of this engine to throw sparks was not competent. Nothing further need be said about that evidence, but we rest our decision upon the ground that it was not proper rebutting evidence, and for that reason alone, the verdict and judgment in this case will be reversed.

*Doyle. Scott & Lewis*, Attorneys for Plaintiff in Error.

*W. H. Tucker* and *E. E. Davis*, Attorneys for Defendant in Error.